# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL COOPER,

    Petitioner,

vs.

JACKIE CRAWFORD, et al.,

    Respondents.

Case No. 2:05-CV-00925-PMP-(PAL)

**ORDER**

Before the Court are Petitioner's Motion to Reopen Case to File Amended Petition (#18) and Respondents' Opposition (#20). The Court found that Petitioner had not exhausted all available remedies in the state courts for his grounds. Order (#10). The Court then granted Petitioner's request to stay this action while he returned to the state courts. Order (#16). Instead of pursuing a post-conviction petition for a writ of habeas corpus pursuant to Chapter 34 of the Nevada Revised Statutes, Petitioner filed a petition for an extraordinary writ in the Nevada Supreme Court, on February 26, 2007. The Nevada Supreme Court denied the petition ten (10) days later.

The petition for an extraordinary writ did not exhaust Petitioner's state-court remedies. The Nevada Supreme Court does not favor these petitions:

> Although this court retains original jurisdiction to issue writs, this court will not exercise its original jurisdiction to consider a writ petition in a criminal case raising claims that could or should have been raised in an appeal or in an appropriate post-conviction proceeding in the district court. A challenge to the validity of the judgment of conviction should be raised in a post-conviction petition for a writ of habeas corpus filed in the district court in the first instance. A party aggrieved by the district court's resolution of a post-conviction habeas petition may then appeal the decision to this court. Such an appeal completes this court's exercise of its appellate jurisdiction.

Hosier v. State, 117 P.3d 212, 213 (Nev. 2005) (citing Nev. Rev. Stat. §§ 34.575, 34.724, 34.738). An original petition to a state high court, which seeks to invoke discretionary jurisdiction in lieu of available state post-conviction remedies, does not fairly present the claims in the petition for purposes of the exhaustion requirement. See, e.g., Sweet v. Cupp, 640 F.2d 233, 238 (9th Cir. 1981). Accord Lindquist v. Gardner, 770 F.2d 876 (9th Cir. 1985). Because Petitioner has not exhausted all of his grounds for relief, the Court cannot re-open this action.

IT IS THEREFORE ORDERED that Petitioner's Motion to Reopen Case to File Amended Petition (#18) is **DENIED**.

DATED: May 10, 2007.

_____
PHILIP M. PRO
United States District Judge